IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC- BALTIMORE
'25 MAY 16 PM 12:36

HD

Rcv'd by: _____

KINJI SCOTT
5512 The Alameda
Baltimore, MD 21239
Plaintiff,

v.

ERIKA MALONE, in her individual and official capacity as Executive Director of the
Maryland Board of Morticians and Funeral Directors;
MARYLAND BOARD OF MORTICIANS AND FUNERAL DIRECTORS; and
MARYLAND DEPARTMENT OF HEALTH,

Defendants.          JRR 25 CV 1587

Case No.: [To be assigned]

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF

INTRODUCTION

1. Plaintiff Kinji Scott brings this civil rights action under the Americans with Disabilities
Act (ADA), Section 504 of the Rehabilitation Act, and Maryland anti-discrimination law
for the wrongful and discriminatory denial of recognition of his completed funeral service
apprenticeship by the Defendants. Plaintiff is a 55-year-old disabled African American
student who, despite fulfilling all requirements, has been obstructed from receiving a
funeral director license solely due to disability-based discrimination and administrative
misconduct.

2. Plaintiff seeks injunctive relief requiring the Defendants to recognize his
apprenticeship and allow him to proceed to licensure, as well as compensatory damages,
punitive damages against Defendant Malone, and attorneys' fees.

JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §1331 (federal question), 28 U.S.C. §1343
(civil rights), 42 U.S.C. §12132 (ADA), and 29 U.S.C. §794 (Rehabilitation Act).

4. Venue is proper in this judicial district under 28 U.S.C. §1391(b) because the events giving rise to the claims occurred in Baltimore, Maryland.

PARTIES

5. Plaintiff Kinji Scott is a U.S. citizen and resident of Baltimore, Maryland. He is disabled and receives SSDI benefits. He is a graduating student of Mercer County Community College's Funeral Service program, having completed a Maryland-based apprenticeship under John Williams of John Williams Funeral Home.

6. Defendant Erika Malone is the Executive Director of the Maryland Board of Morticians and Funeral Directors and is sued in both her individual and official capacities.

7. Defendant Maryland Board of Morticians and Funeral Directors is the licensing authority for funeral directors in Maryland and operates under the Maryland Department of Health.

8. Defendant Maryland Department of Health is a state agency responsible for overseeing professional licensing boards, including the Board of Morticians and Funeral Directors.

FACTUAL ALLEGATIONS

9. Plaintiff enrolled in Mercer County Community College's Funeral Service program and arranged to complete a lawful, barter-based apprenticeship with a licensed Maryland funeral director, John Williams.

10. Due to Plaintiff's SSDI disability status, he could not risk full-time employment without losing housing and healthcare benefits. Plaintiff lawfully completed the apprenticeship by exchanging services instead of receiving wages.

11. On or about September 27, 2024, Plaintiff submitted his final apprenticeship paperwork to Licensing Coordinator Ashley Combs.

12. On September 28, 2024, Defendant Erika Malone informed Plaintiff that "student apprentices are not recognized in Maryland," and later changed her rationale to an alleged employment issue.

13. Maryland law, including provisions under the RAISE Act, permits student apprenticeships and does not prohibit barter-based arrangements.

14. Defendants failed to provide a reasonable accommodation for Plaintiff's disability, failed to recognize his completed work, and wrongfully denied him eligibility to sit for the National Board Exam.

15. Plaintiff has now completed all academic and apprenticeship requirements for licensure.

CAUSES OF ACTION

COUNT I — VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12132)

16. Plaintiff incorporates the above paragraphs.

17. Defendants are public entities subject to the ADA.

18. Plaintiff is a qualified individual with a disability.

19. Defendants discriminated against Plaintiff by denying him access to licensure services due to his disability and failing to provide reasonable accommodations.

COUNT II — VIOLATION OF SECTION 504 OF THE REHABILITATION ACT (29 U.S.C. §794)

20. Plaintiff incorporates the above paragraphs.

21. Defendants receive federal funding and are subject to Section 504.

22. Defendants discriminated against Plaintiff by denying him equal access to licensure.

COUNT III — VIOLATION OF MARYLAND ANTI-DISCRIMINATION LAW (MD. STATE GOV'T CODE §10-1103)

23. Plaintiff incorporates the above paragraphs.

24. Defendants denied Plaintiff equal access to a professional license based on his disability.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. A declaratory judgment that Defendants violated the ADA, Section 504, and Maryland law;

B. An injunction compelling Defendants to recognize Plaintiff's apprenticeship and permit him to take the NBE and complete licensure;

C. Compensatory damages in an amount to be determined at trial, not less than $150,000;

D. Punitive damages against Defendant Malone in her individual capacity;

E. Costs, expenses, and attorneys' fees under 42 U.S.C. §12200 et seq.;

F. Such other relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL
Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Kinji Scott, Pro Se
5512 The Alameda
Baltimore, MD 21239
Phone: (667) 334-4271
kinjiscott@gmail.com
Date: 5/2/2025